

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**March 19, 2020 18:12**

By: JAMES S. WERTHEIM 0029464

Confirmation Nbr. 1972820

| | |
|---|---|
| SHANITA NICHOLSON | CV 20 931232 |
| vs. | |
| TRANSWORLD SYSTEMS, INC. | **Judge:** PETER J. CORRIGAN |

**Pages Filed:** 5

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| SHANITA NICHOLSON<br>1460 Grenleigh Road<br>Cleveland, OH 44124,<br><br>   Plaintiff,<br><br>  vs.<br><br>TRANSWORLD SYSTEMS, INC.<br>2135 East Primrose, Suite Q<br>Springfield, MO 65804,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. _____<br><br>JUDGE_____<br><br><br>**COMPLAINT**<br>*(Jury Demand Endorsed Hereon)* |

### I. INTRODUCTION

1. This is an action for damages brought by Plaintiff Shanita Nicholson (hereafter, "Plaintiff") for Defendant Transworld System, Inc.'s (hereafter, "Defendant") violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter, the "FDCPA"), violation of the Ohio Consumer Sales Practices Act (hereafter, the "CSPA"), and invasion of privacy. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Defendant is a debt collector and regularly conducts business in Ohio.

3. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6) of the FDCPA.

4. Plaintiff seeks an award of appropriate actual and statutory damages, compensatory damages, punitive damages and reasonable attorney fees, as well as any other relief this Court deems appropriate.

### II. STATEMENT OF FACTS

5. Plaintiff is an individual residing in Cleveland, Ohio.

6. The alleged debt in question arose out of a transaction that was for personal purposes.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3) of the FDCPA.

8. Since August 9, 2019, Plaintiff has received at least twenty-one calls from Defendant on her work telephone.

9. During the course of these calls, Defendant harassed and embarrassed Plaintiff, despite Defendant being told many times that they were calling a work number and they should stop.

10. Despite being told to stop calling at least three times, including after the initial call, and acknowledging that they had been told to stop calling her work number, Defendant continued to call Plaintiff dozens of additional times on her work number.

11. Plaintiff was required to retain an attorney and incur legal fees to get Defendant to stop making the calls.

12. Defendant's calls were excessive, even after they were told not to call.

13. The calls to Plaintiff's work have greatly disturbed and embarrassed Plaintiff.

14. Plaintiff feared that her coworkers or bosses would receive the calls which could result in her loss of employment.

15. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

16. Defendant acted in a false, deceptive, misleading and unfair manner by causing Plaintiff's telephones to ring or by engaging Plaintiff in telephone conversations repeatedly or

continuously with intent to annoy, abuse, or harass her at the called number, including dozens of calls after being told not to call.

17. At all times pertinent hereto, the conduct of Defendant, as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiff.

18. As a result of Defendant's actions, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, fees, invasion of privacy, out-of-pocket expenses, emotional and mental pain and anguish, trespass to chattel, embarrassment, humiliation, and other pecuniary loss.

19. From each and every call without express consent placed by Defendant to Plaintiff, Plaintiff suffered the injury of the occupation of her telephone line by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls and interrupting her work, and Plaintiff suffered the injury of unnecessary expenditure of her time and had to waste time to deal with missed call notifications and call logs that reflected the unwanted calls. Plaintiff's telephones were diverted from important calls and communications.

20. Plaintiff was also affected in a personal and individualized way by stress, nervousness, embarrassment, distress and aggravation.

### III. CLAIMS FOR RELIEF

**First Claim for Relief**
**(Violation of the CSPA)**

21. Plaintiff realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

22. The CSPA applies to debt collectors.

23. A violation of the FDCPA is a violation of the CSPA.

24. Defendant violated the CSPA by violating the FDCPA.

25. As a direct and proximate result, Plaintiff suffered actual and statutory damages.

26. As Defendant's acts were willful, Plaintiff is entitled to attorney fees.

### Second Claim for Relief
### (Violation of the FDCPA)

27. Plaintiff realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

28. Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29. Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30. Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

31. Defendant has violated the FDCPA by calling Plaintiff at work after being told to stop.

32. As a direct and proximate result, Plaintiff has suffered actual and statutory damages, and is entitled to attorney fees.

### Third Claim for Relief
### (Invasion of Privacy)

33. Plaintiff realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

34. Defendant has intentionally and recklessly, without cause, intruded on the privacy of Plaintiff with a campaign of harassment.

35. As a direct and proximate result, Plaintiff has suffered actual damages and is entitled to punitive damages.

36. Plaintiff is entitled to attorney fees.

WHEREFORE, Plaintiff demands:

    A.    Actual damages and statutory damages;

    B.    Punitive damages;

    C.    Attorney fees; and

    D.    Any other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

    Respectfully submitted,

    /s/James S. Wertheim
    JAMES S. WERTHEIM (0029464)
    James S Wertheim LLC
    24700 Chagrin Blvd., Suite 309
    Beachwood, OH 44122
    (Ph.) 216-902-1719
    wertheimjim@gmail.com

    *Counsel for Plaintiff*